UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RICHARD CLARK,

      Petitioner,

v.                                    Case No. 1:14-CV-80

CATHLEEN STODDARD,           HON. GORDON J. QUIST

      Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On September 1, 2016, Magistrate Judge Ellen S. Carmody issued a thirty-four page Report and Recommendation (R & R) recommending that the Court deny Petitioner's petition for writ of habeas corpus. (ECF No. 36.) On October 3, 2016, Petitioner filed objections to the R & R. (ECF No. 40.) This Court is required to make a de novo review upon the record of those portions of the R & R to which specific objections have been made, and may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a de novo review of the R & R, Petitioner's Objection, and pertinent portions of the record, the Court concludes that the R & R should be adopted.

Objections to a report and recommendation must be specific. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Drew v. Tessmer*, 36 F. App'x 561 (6th Cir. 2002). Petitioner's objection fails to meet this standard because it simply restates arguments Petitioner made in his original petition and does not directly address

any of the R & R's conclusions. *See Miller*, 50 F.3d at 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). In fact, Petitioner does not even reference the R & R outside of an introductory paragraph where he acknowledges its receipt.

Nonetheless, this Court has reviewed Petitioner's objections to the extent they could be discerned from Petitioner's appeal and concludes as follows:

> The Magistrate Judge was correct in her conclusions that
>
> 1) The confrontation clause was not implicated in Ms. Nehring's absence from the trial;
>
> 2) The Petitioner failed to show that the prosecutor
>
>    (a) tainted the jury,
>
>    (b) presented false testimony, or
>
>    (c) referring to Petitioner as a "predator" was improper.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484, 120 S. Ct. at 1604.  For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong.  Thus, the Court will deny Petitioner a certificate of appealability.

Therefore,

**IT IS HEREBY ORDERED** that Petitioner's Objection (ECF No. 40) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation issued September 1, 2016 (ECF No. 36) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's certificate of appealability is **DENIED**.

A separate judgment will enter.


Dated:  January 30, 2017                                  /s/ Gordon J. Quist
                                                           GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE